IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| DARRYL D. MOOREFIELD, | ) | |
| | ) | Case No. 4:06CV00062 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | By: Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |
| | ) | |
| | ) | |

Before me is the Report and Recommendation ("Report") of the United States Magistrate

Judge recommending that the Commissioner of Social Security's ("Commissioner") final

decision denying Darryl D. Moorefield's ("Plaintiff") claim for benefits be affirmed.  The

Plaintiff filed objections to the Report and the Commissioner did not.  I reviewed the Magistrate

Judge's Report, the Plaintiff's objections, and relevant portions of the Record.  The matter is now

ripe for decision.  For the reasons stated below, I will **ADOPT** the Magistrate Judge's Report

and **REJECT** the Plaintiff's objections.  The Commissioner's final decision denying Plaintiff's

claim for benefits will be **AFFIRMED**, and the case will be **DISMISSED** from the docket of

this Court.

I.      STATEMENT OF FACTS AND PROCEDURAL HISTORY

        Plaintiff previously worked as a field technician, clerk, and security supervisor.  (R. at

94.)  On January 23, 2001, Plaintiff filed an application for disability benefits, alleging disability

due to a back injury beginning May 12, 2000.  The Administrative Law Judge ("ALJ")

determined that Plaintiff was not disabled.  (R. at 12–19.)  In response, Plaintiff filed a civil

1

action, 4:02CV00086.  The district court remanded the case to further develop the record

including consultation with a neurologist and an MRI.  (R. at 271–276.)

On February 3, 2005, after Plaintiff had been examined by a neurosurgeon, but before

having an MRI, the ALJ again ruled that Plaintiff was not disabled.  (R. at 213–20.)  The

Appeals Council reviewed the case, including the then-submitted MRI, and found the evidence

consistent with the ALJ's findings.  (R. at 201–02.)

Plaintiff appealed the decision to the District Court, and I referred the case to the

Magistrate Judge.  The Magistrate Judge recommended that I affirm the Commissioner's final

decision and dismiss the case from the docket.  Plaintiff objected to the Magistrate Judge's

recommendation because, he maintains, the ALJ erroneously concluded that he could return to

work based on improper conclusions drawn from the evidence.

## II.      STANDARD OF REVIEW

Congress limits judicial review of decisions by the Social Security Commissioner.  I am

required to uphold the decision when: (1) the Commissioner's factual findings are supported by

substantial evidence; and (2) the Commissioner applied the proper legal standard.  42 U.S.C. §

405(g) (2003); *see also, Craig v. Chater,* 76 F.3d 585 (4th Cir. 1996).  "Substantial evidence is . .

. such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S.

389, 401 (1971)).  The Fourth Circuit has further defined substantial evidence as being more

than a scintilla but less than a preponderance.  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.

1966).

The regulations charge the Commissioner of Social Security with evaluating the medical

evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404, 1545 (2006); *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927. If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then this Court must affirm the Commissioner's final decision. *Laws*, 368 F.2d at 642.

## III.  DISCUSSION

Initially, in evaluating Plaintiff's claims of disability, the ALJ properly used the five step analysis found in 20 C.F.R. § 404.1520(a) (2006). Under that test, the ALJ first determined that Plaintiff had not been performing substantial gainful work since May 12, 2000. (R. at 406.) If he had, he would not have qualified as disabled under the regulations. 20 C.F.R. § 404.1520(b) (2006). The ALJ then determined that Plaintiff suffers from several severe lower back impairments. (R. at 406.) If not, then he could not have established a disability. 20 C.F.R. § 404.1520(c) (2006). Though the ALJ found a severe impairment, the ALJ determined that the impairment did not meet or equal a listed impairment in Appendix 1 of 20 C.F.R. § 404, Subpart P, Regulations No. 4. (R. at 406.) Therefore, the ALJ was required to determine Plaintiff's residual functioning capacity[1] and if, based on that capacity, he could return to his prior work. 20 C.F.R. §§ 404.1520(e)–(f) (2006). The ALJ found that Plaintiff retained the residual functional capacity to perform light work activity. (R. at 407.) Thus, Plaintiff should be able to

---

[1] "Residual Functional Capacity" is defined as the most an individual can do after considering the relevant impairments. 20 C.F.R. § 404.1545 (2006).

3

return to his prior work as a security supervisor, and is therefore not disabled. (R. at 410.)

First, Plaintiff argues that I should reject the Magistrate Judge's Report and Recommendation because the ALJ erred by giving too little weight to the opinion of Dr. Bloch by focusing on the following: 1) that Plaintiff had traveled to New York to see Dr. Bloch only once since the alleged onset of Plaintiff's disability; 2) Plaintiff's refusal of a epidural injection, as recommended by Dr. Bloch; 3) Dr. Bloch's decision not to prescribe pain medication; and 4) a finding that Plaintiff's back condition had improved since his original visit to Dr. Bloch in February, 2001; 5) Plaintiff's failure to regularly seek medical attention due to lack of medical insurance or resources; and 6) the findings from a neurological consultation with Dr. Owusu-Yaw, whom the Plaintiff asserts was present for five minutes, and for whom the Plaintiff refused to attempt to walk on his heels and toes.

This Court must affirm the Commissioner's final decision unless the ALJ's resolution of the conflicts in evidence is not supported by substantial evidence. *Laws*, 368 F.2d at 642. Because the factual determinations are the province of the ALJ, I must characterize Plaintiff's objections as alleging that such substantial evidence does not exist to support the ALJ's holding. Dr. Bloch's conclusion that plaintiff was "disabled" related to the standards for a workers' compensation claim. Such standards are informative, not dispositive, for analysis under the Social Security Act. *See* C.F.R. § 404.1504 (2006). Further, examinations by other physicians, both contemporaneous and at a later date, did not agree with Dr. Bloch's assessment. (R. at 158–64, 308–11.) Aside from the medical record and opinion, the ALJ relied on the "lack of programmatic treatment program and less than credible testimony." (R. at 409.) Cumulatively, these indicators demonstrate that there is substantial evidence for the ALJ's conclusion.

4

Lastly, Plaintiff objects to the finding that he could return to past relevant work on the basis that his "days were spent in a minute to minute atmosphere," and not necessarily in the way characterized in the ALJ's decision. (Pl.'s Objection at ¶ 4.) However, "past relevant work" is not defined by Plaintiff's own experience or expectations, but rather as such position would generally be performed in the national economy. 20 C.F.R. § 404.1560(b)(2) (2006). A vocational expert testified that, according to the Dictionary of Occupational Titles, security supervisor is a skilled and sedentary position and that a person in Plaintiff's condition would be employable in such a role. (R. at 265–66.) Therefore, there is substantial evidence to support the ALJ's determination that Plaintiff could return to his work as a security supervisor.

## IV. CONCLUSION

For reasons stated herein, I will **ADOPT** the Magistrate Judge's Report and **REJECT** the Plaintiff's objections. The Commissioner's final decision denying the Plaintiff's claim for benefits will be **AFFIRMED**, and the case will be hereby **DISMISSED** from the docket of this Court.

Entered this 11th day of September, 2007.

s/Jackson L. Kiser_____
Senior United States District Judge

5